US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 1 1 2017

DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EVANSTON INSURANCE COMPANY                                              PLAINTIFF

v.                            Case No.: 17-5256 TLB

THE LOGAN CENTERS, INC., f/k/a BOECKMANN
CONSULTING, INC., JEANNIE BOECKMANN,
a/k/a Jeannie Sherman, RAYMOND BOECKMANN,
and CARLA WALKER, as Administratrix of the Estate of
Antonio Cozart, Deceased                                                DEFENDANTS

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Evanston Insurance Company, and for its Complaint for Declaratory Judgment and relief, states and alleges as follows:

1. The plaintiff, Evanston Insurance Company, is a corporation organized under the laws of the State of Illinois, with its principal place of business in Deerfield, Illinois, and is, therefore, a citizen and resident of the State of Illinois. Plaintiff is an eligible surplus lines insurer in the State of Arkansas and issues policies of insurance through surplus lines brokers licensed in Arkansas.

2. Evanston is the successor by merger to Essex Insurance Company, a Delaware corporation, which issued an insurance policy, MHL70000028-01 (the "Policy"), as an eligible

surplus lines insurer in Arkansas, to the defendant, The Logan Centers, Inc., f/k/a Boeckmann Consulting, Inc. Evanston is now the insurer under the Policy, and the merger did not affect any change to the terms, conditions, or provisions of the Policy.

3. The separate defendant, The Logan Centers, Inc., f/k/a Boeckmann Consulting, Inc., is organized under the laws of the State of Arkansas, with its principal place of business in Forrest City, St. Francis County, Arkansas. Its registered agent for service is Jeannie Sherman of Fayetteville, Washington County, Arkansas.

4. The separate defendant, Jeannie Boeckmann, a/k/a Jeannie Sherman, is a citizen and resident of Fayetteville, Washington County, Arkansas, and is, or may be, a shareholder, officer, director, and employee of The Logan Centers, Inc.

5. The separate defendant, Raymond Boeckmann, is a citizen and resident of Wynne, Cross County, Arkansas, and is, or may be, a shareholder, officer, director, and employee of The Logan Centers, Inc.

6. The separate defendant, Carla Walker, is the duly appointed Administratrix of the Estate of Antonio Cozart, Deceased, and the plaintiff is a resident of St. Francis County, Arkansas.

7. The decedent, Antonio Cozart, was a resident of St. Francis County, Arkansas.

8. This is a civil action at law of which the District Courts of the United States have original jurisdiction over the parties and subject matter of this action, and venue is appropriate in this Court.

9. The amount in dispute and controversy, exclusive of interest and costs, is believed to be in excess of $75,000.00. The defendant, Carla Walker, as Administratrix of the Estate of Antonio Cozart, Deceased, has caused to be filed in St. Francis County, Arkansas, as well as in

Crittenden County, Arkansas, a Complaint against The Logan Centers, Inc., et al., alleging damages in excess of $75,000.00.

10. This suit is a controversy which is wholly between citizens of different states. The plaintiff at the time of the commencement of this action was, and now is, a citizen and resident of the State of Illinois, and the defendants were, and now are, citizens and residents of the State of Arkansas.

11. Within the underlying lawsuits filed by the defendant, Carla Walker, as Administratrix of the Estate of Antonio Cozart, Deceased, it is alleged that The Logan Centers, Inc., provides behavioral and mental health services to residents of Long Term Care facilities.

12. Within the underlying lawsuits, the defendant, Carla Walker, as Administratrix of the Estate of Antonio Cozart, Deceased, has further alleged that on or about December 3, 2012, while residing at a Long Term Care facility located in West Memphis, Arkansas, Antonio Cozart was allowed to leave the premises unsupervised and without any proper protocol in place to monitor the decedent while he was off-premises, and Cozart was subsequently found dead on February 1, 2013.

13. Within the "Common Policy Declarations" of the Policy, the Named Insured is "The Logan Centers, Inc.; Boeckmann Consulting, Inc.". The "Form of Business" is designated as an "Organization (other than Partnership or Joint Venture)", and the "Business Description" is identified as "Mental Health Services". A true and correct copy of the Policy is attached hereto as Exhibit "A" and incorporated herein by reference as if repeated word for word.

14. The Policy issued in this matter sets forth that it is a "claims-made" policy.

15. The "Limits of Insurance" are designated as $1,000,000.00 for "Professional Liability" coverage, and $1,000,000.00 for "Vicarious Liability for Abuse" coverage, and the terms and conditions of such coverages are further outlined within the Policy.

16. Within Section IV (A)(4) of the Policy (page 9 of 20), if the insured is designated in the Declarations as an organization other than a partnership, joint venture, or limited liability company, the organization is an insured, and the organization's executive officers and directors are insureds, but only with respect to their duties as the organization's officers or directors. The organization's stockholders are also insureds, but only with respect to their liability as stockholders.

17. Within Section IV (B)(1) of the Policy (page 10 of 20), the organization's employees, volunteer workers, professional contract workers, students in training, medical directors and administrators, are also insured for acts within the scope of their employment by the organization or while performing duties related to the conduct of the organization's business.

18. At the time the underlying incident occurred on or about December 3, 2012, The Logan Centers, Inc. was an Arkansas corporation established in 2010 and, Jeannie Boeckmann, a/k/a Jeannie Sherman, was the sole stockholder.

### Professional Liability

19. The plaintiff realleges and restates each and every allegation contained in the above stated paragraphs one (1) through eighteen (18).

20. The Insuring Agreement within the Policy provides for "Professional Liability" coverage under certain circumstances defined in the Policy. The Professional Liability section of the Policy (Page 1 of 20) provides, in part:

1. We will pay on behalf of the insured those sums that the insured becomes legally obligated to pay as "damages" for a "claim" for your "professional liability" to which this insurance applies, provided such "claim" is first made against the insured during the "policy period" or any Extended Reporting Period we provide under Section **VIII. EXTENDED REPORTING PERIODS** and such "claim" arises out of "services" rendered:
    (a) In the "coverage territory";
    (b) On or after the Retroactive Date stated in the Declarations; and
    (c) On or before the last day of the "policy period".

21. "Professional liability" is defined by the Policy (Page 19 of 20) to mean:

[L]egal liability arising from the actual or alleged acts, errors, or omissions in the rendering of, or failure to render, "services". The "professional liability" will be deemed to take place when the first act, error or omission occurs.

22. "Services" is defined by the Policy (Page 20 of 20) to mean:

[A]ctivities performed on the Named Insured's behalf by an insured to aid persons and/or families seeking assistance from the Named Insured in the management of a "client's" life, including counseling services with respect to drugs, alcohol, substance abuse or any mental condition.

23. Defendant Walker has alleged Defendant The Logan Centers, Inc., acted negligently in providing professional services to the decedent, Antonio Cozart, on and before February 1, 2013.

24. The Policy provides it will pay those sums for which Defendant The Logan Centers, Inc., becomes legally obligated to pay for Professional Liability as defined within the Policy, with said Professional Liability coverage limits being $1,000,000.00, exclusive of defense expenses.

25. The plaintiff has no duty to pay any judgment, if any, in excess of $1,000,000.00 that might be entered against The Logan Centers, Inc., or any of its officers, shareholders,

directors, employees, or insureds under the Policy, with regard to any claim, cause of action, or lawsuit asserted by Carla Walker as Administrator of the Estate of Antonio Cozart, deceased.

### Vicarious Liability for Abuse

26.     The plaintiff realleges and restates each and every allegation contained in the above stated paragraphs one (1) through twenty-five (25).

27.     Defendant Walker has further asserted a claim for mental anguish and, while such claim would be included and covered under the Professional Liability coverage under the Policy, mental anguish is separate and distinct from a claim for abuse as defined by the Policy.

28.     The Insuring Agreement within the insurance policy issued in this matter provides for "Vicarious Liability for Abuse" coverage under certain circumstances defined in the Policy. The Vicarious Liability for Abuse section of this Policy (Page 2 of 20) provides, in part:

> 1.      We will pay on behalf of the insured those sums that the insured becomes legally obligated to pay as "damages" for a "claim" for your "vicarious liability" to which this insurance applies, provided such "claim" is first made against the insured during the "policy period" or any Extended Reporting Period we provide under Section **VIII. EXTENDED REPORTING PERIODS** and such "claim" arises out of a "coverage incident" that took place:
> (a)     In the "coverage territory";
> (b)     On or after the Retroactive Date stated in the Declarations; and
> (c)     On or before the last day of the "policy period".

29.     "Coverage incident" is defined by the Policy (Page 17 of 20) to mean:

> "abuse" of any person:
>
> 1.     Who is in your care, custody or control; or
> 2.     By any person who is in your care, custody or control.

30. "Abuse" is defined by the Policy (Page 16 of 20) to mean:

[A]ny and all forms of alleged, actual or threatened abuse, including but not limited to:

1. Physical abuse, such as hitting, punching, slapping or other physical assault or battery;

2. Sexual abuse;

3. Licentious, immoral or sexual behavior, whether or not intended to lead to, or culminating in, any sexual act, even if consensual;

4. Mental abuse;

5. Inappropriate touching;

6. Erotic physical contact; or

7. The use of pornographic material for a purpose other than that of treating a documented dysfunctional sexual condition.

31. There is no evidence or allegation that The Logan Centers, Inc., or any of its officers, shareholders, directors, employees, or insureds under the Policy, committed any abuse against Antonio Cozart as defined by the Policy.

32. The incidents described and alleged in the underlying Complaints asserted by Defendant Walker against The Logan Centers, Inc., or any of its officers, shareholders, directors, employees, or insureds, are not covered under the Vicarious Liability for Abuse provisions of said Policy, and there is no duty to defend The Logan Centers, Inc., or pay any judgment that may be rendered against it, under said Vicarious Liability for Abuse provision of said Policy.

### Single Limit of Liability

33. The plaintiff realleges and restates each and every allegation contained in the above stated paragraphs one (1) through thirty-two (32).

34. According to Section V (D)(2), "Limits of Insurance", "Multiple Insureds, Claims or Claimants" (Page 11 of 20), the Policy provides, in part:

> 2. All "claims" arising out the same "professional liability" or "vicarious liability", or "related professional liability circumstances" or "related vicarious liability circumstances", will be treated as a single "claim", regardless of the number of claimants. No more than one Deductible amount, if applicable, and one limit of insurance for each "claim" will apply. The bringing of a single "suit" or proceeding by one or more claimants will always be treated as a single "claim", regardless of whether such "suit" or proceeding alleges unrelated "professional liability" or unrelated "coverage incidents".

35. According to Section V (D)(2), all claims arising out of the same or related professional liability circumstances or vicarious liability circumstances are treated as a single claim, and one limit of insurance for each claim will apply.

36. Despite any theory asserted by Defendant Walker against The Logan Centers, Inc., and pursuant to the unambiguous language of the Policy, the maximum limit of insurance applicable in and to the underlying incident is $1,000,000.00, exclusive of defense expenses. Any and all of Defendant Walker's causes of action in the underlying lawsuits are set forth by the same operative facts. In such instance, the Policy provides that such multiple claims arising out of the same transaction or occurrence are treated as a single claim, rendering only one limit of insurance applicable.

37. The plaintiff has no duty to pay any judgment, if any, in excess of $1,000,000.00 that might be entered against The Logan Centers, Inc., or any of its officers, shareholders, directors, employees, or insureds under the Policy, with regard to any claim, cause of action, or lawsuit asserted by Carla Walker as Administrator of the Estate of Antonio Cozart, deceased.

### Failure to Assist and Cooperate – Jeannie Sherman

38. The plaintiff realleges and restates each and every allegation contained in the above stated paragraphs one (1) through thirty-seven (37).

39. Within **Section VII. CONDITIONS**, Sub-section **E, Assistance and Cooperation of the Insured** (Page 13 of 20), the Policy provides:

> All insureds must cooperate with us and, at our request:
>
> 1. Submit to examination and interrogation by our representative, under oath if requested, about the facts and circumstances of any actual or potential "claim", or other matters relating to coverage under this Coverage Form;
>
> 2. Assist in making settlement of, investigating or defending any "claim" or "suit";
>
> 3. Assist us in enforcing any right of contribution or indemnity against any person or organization who may be liable to you or any insured;
>
> 4. Attend mediations, arbitrations, depositions, hearings and trials; and
>
> 5. Assist in securing and giving evidence and ensuring the attendance of witnesses.
>
> Neither you nor any insured is entitled to any payment or reimbursement from us for activities undertaken under this provision.

40. Within Section **II. DEFENSE, SETTLEMENT, INVESTIGATION AND CLAIM EXPENSES**, Sub-section **E** (Page 3 of 20), the Policy provides:

> No insured may, except at his or her own cost, waive any right, admit any liability, assume any obligation, incur any charge or expense (except for emergency first aid treatment), make any payment, settle any "claim" or "suit" or agree to any alternative dispute resolution methods without our prior written consent. We shall not be obligated to indemnify any insured for "damages" in connection with the settlement of any "claim" or "suit" to which we did not provide our written consent. We have the right to seek reimbursement of "damages" or "claim expenses" we pay under a reservation of rights.

41. Pursuant to Section VII (E) of the Policy, "Assistance and Cooperation of the Insured" (page 13 of 20), as well as Section II (E) of the Policy, "Defense, Settlement, Investigation and Claim Expense" (page 3 of 20), all insureds must cooperate and assist in the investigation and defense of any claim or lawsuit, assist in enforcing any right of contribution or indemnity, attend mediations, arbitrations, depositions, hearings, and trials, and assist in securing and giving evidence and ensuring the attendance of witnesses.

42. In addition, no insured may waive any right or admit any liability without prior written consent from Evanston, except at his or her own cost.

43. Defendant Jeannie Boeckmann, a/k/a Jeannie Sherman, has failed to cooperate with defense counsel in the underlying action regarding the designation of corporate representatives for The Logan Centers, Inc., for the purposes of trial or deposition, has failed to attend mediations, depositions, hearings, and trials, and has failed to give testimony and evidence, as well as failed to ensure the attendance of corporate witnesses.

44. Defendant Jeannie Boeckmann's, a/k/a Jeannie Sherman's, failure to cooperate and assist in the defense of the underlying actions asserted by Defendant Walker is a breach of the insurance contract and, accordingly, there is no duty to defend The Logan Centers, Inc., or pay any judgment that may be rendered against it, under any provision of said Policy, with regard to any claim, cause of action, or lawsuit asserted by Carla Walker as Administrator of the Estate of Antonio Cozart, deceased.

<strong>Not an Insured – Raymond Boeckmann</strong>

45. The plaintiff realleges and restates each and every allegation contained in the above stated paragraphs one (1) through forty-four (44).

46. Defendant Ray Boeckmann did not acquire his stock in The Logan Centers, Inc., if at all, until after the underlying incident in question, and he was not a stockholder at the time the Policy was issued on February 24, 2013, nor at the time of the underlying incident.

47. Defendant Ray Boeckmann was not an executive officer or director of The Logan Centers, Inc., at the time of the alleged acts, errors, or omissions in rendering, or failing to render, services to Antonio Cozart, nor was he an employee, volunteer worker, professional contract worker, student in training, medical director or administrator of the insured organization.

48. Raymond Boeckmann is not, and was not, an insured under the Policy issued to The Logan Centers, Inc., and there is no duty to defend The Logan Centers, Inc., or pay any judgment that may be rendered against it, under any provision of said Policy, with regard to any claim, cause of action, or lawsuit asserted by Carla Walker as Administrator of the Estate of Antonio Cozart, deceased, for any alleged act, error, or omission of Raymond Boeckmann.

49. The plaintiff reserves its right to plead further, by amendment or otherwise, pending further investigation and discovery.

WHEREFORE, the plaintiff, Evanston Insurance Company, prays for a declaratory judgment adjudging and declaring that there is no duty to defend The Logan Centers, Inc., or pay any judgment that may be rendered against it, under any provision of said Policy with regard to any claim, cause of action, or lawsuit asserted by Carla Walker as Administrator of the Estate of Antonio Cozart, deceased; that Evanston has no duty to defend The Logan Centers, Inc., or pay any judgment that may be rendered against The Logan Centers, Inc., under the Vicarious Liability for Abuse coverage within the Policy issued to The Logan Centers, Inc., with regard to any claim, cause of action, or lawsuit asserted by Carla Walker as Administrator of the Estate of Antonio

Cozart, deceased; that Raymond Boeckmann is not, and was not, an insured under the Policy issued to The Logan Centers, Inc., and that Evanston has no duty to defend The Logan Centers, Inc., or pay any judgment that may be rendered against The Logan Centers, Inc., under any provision of said Policy with regard to any claim, cause of action, or lawsuit asserted by Carla Walker as Administrator of the Estate of Antonio Cozart, deceased, for any alleged act, error, or omission of Raymond Boeckmann; that the applicable policy limits of any and all coverage afforded to The Logan Centers, Inc., if any, with regard to any claim, cause of action, or lawsuit asserted by Carla Walker as Administrator of the Estate of Antonio Cozart, deceased, does not exceed $1,000,000.00; for its costs herein expended; for its attorney fees; and for all other relief to which it may prove itself entitled.

    Respectfully submitted,

    EVANSTON INSURANCE COMPANY, Plaintiff

BY:    ROY, LAMBERT, LOVELACE, BINGAMAN & WOOD, LLP
    Attorneys at Law
    P.O. Drawer 7030
    2706 S. Dividend Drive
    Springdale, AR 72766-7030
    (479) 756-8510

By: _____
    Robert J. Lambert, Jr. – ABN 80083
    rjlambert@rlllaw.com
    James H. Bingaman – ABN 89152
    jbingaman@rlllaw.com